IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| In re: | ) | Chapter 11 |
| | ) | |
| FUHU, INC., | ) | Case No. 15-12465 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |
| In re: | ) | Chapter 11 |
| | ) | |
| FUHU HOLDINGS, INC., | ) | Case No. 15-12466 (___) |
| | ) | |
| Debtor. | ) | |
| | ) | |

**MOTION OF THE DEBTORS
FOR ORDER DIRECTING JOINT ADMINISTRATION OF
RELATED CHAPTER 11 CASES FOR PROCEDURAL PURPOSES ONLY**

The above-captioned debtors and debtors in possession (collectively, the

"Debtors"), hereby move (the "Motion") the Court for the entry of an order, pursuant to

Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules") and

Rule 1015-1 of the *Local Rules of Bankruptcy Practice and Procedure of the United States*

*Bankruptcy Court for the District of Delaware* ("Local Rules"), authorizing and directing the

joint administration of the Debtors' related chapter 11 cases for procedural purposes only.  In

support of this Motion, the Debtors state as follows:

**Jurisdiction and Venue**

1.      The United States Bankruptcy Court for the District of Delaware (the

"Court") has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334 and the

*Amended Standing Order of Reference from the United States District Court for the District of*

*Delaware,* dated February 29, 2012.  This matter is a core proceeding within the meaning of 28

DOCS_DE:203652.1 68700/001

U.S.C. § 157(b)(2), and the Debtors confirm their consent pursuant to Rule 9013-1(f) of the

Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the

District of Delaware (the "Local Rules") to the entry of a final order by the Court in connection

with this Motion to the extent that it is later determined that the Court, absent consent of the

parties, cannot enter final orders or judgments in connection herewith consistent with Article III

of the United States Constitution.

   2.  Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

   3.  The statutory predicates for the relief requested herein are section 105(a)

of title 11 of the United States Code (the "Bankruptcy Code"), Bankruptcy Rule 1015(b), and

Local Rule 1015-1.

## Background

   4.  On the date hereof (the "Petition Date"), the Debtors each filed with this

Court a voluntary petition for relief under chapter 11 of the Bankruptcy Code.  The Debtors are

operating their businesses and managing their properties as debtors and debtors in possession

pursuant to sections 1107(a) and 1108 of the Bankruptcy Code.

   5.  The factual background regarding the Debtors, including their current and

historical business operations and the events precipitating the chapter 11 filing, is set forth in

detail in the *Master Statement of Facts and Declaration of James Mitchell in Support of First-*

*Day Motions* (the "First Day Declaration") filed concurrently herewith and fully incorporated

herein by reference.[1]

---

[1] Capitalized terms not otherwise defined herein shall have the meaning ascribed to them in the First Day
Declaration.

2

## Relief Requested

6.    By this Motion, the Debtors seek entry of an order directing the joint administration of their chapter 11 cases and the consolidation thereof for procedural purposes only.  The Debtors also request that the caption of their chapter 11 cases be modified to reflect their joint administration as follows:

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE DISTRICT OF DELAWARE

| In re: | ) Chapter 11 |
|---|---|
| | ) |
| FUHU, INC., *et al.,*[1] | ) Case No. 15-12465 (___) |
| | ) |
| Debtors. | ) (Jointly Administered) |

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are:  Fuhu, Inc. (7896); and Fuhu Holdings, Inc. (9761).  The location of the Debtors' headquarters and service address is 909 N. Sepulveda Blvd., Suite 540, El Segundo, CA 90245.

7.    In addition, the Debtors request that the Court direct the Clerk to make a notation substantially similar to the following on the docket of each Debtor:

An order (the "Joint Administration Order") has been entered in this case directing the joint administration of the chapter 11 cases listed below for procedural purposes only.  The docket in Case No. 15-12465 (___) should be consulted for all matters affecting this case.  The following chapter 11 cases are jointly administered pursuant to the Joint Administration Order:

8.    Finally, the Debtors request that the Court permit use of a combined service list and correspondingly combined notices.

## Basis For Relief

9.    Bankruptcy Rule 1015(b) provides that, if two or more petitions are pending in the same court by or against a debtor and an affiliate, joint administration is

3

DOCS_DE:203652.1 68700/001

permissible. *See* Fed. R. Bankr. P. 1015(b).  Additionally, Rule 1015-1 of the Local Rules permits entry of such an order without notice or a hearing so long as the Debtors demonstrate that such treatment is warranted.

10.     Joint administration is warranted because the Debtors anticipate that numerous similar applications, motions, and orders will be involved in the Debtors' cases.  The granting of the Motion will eliminate the need to file identical motions and orders in each of the cases when seeking relief that is common to both Debtors, will avoid the waste of judicial resources related to, for example, the docketing of identical motions, declarations, and orders in each case, and will permit the Debtors' estates to avoid the substantial copy costs and service costs associated with filing and serving motions and other pleadings in the cases that seek relief for both of the Debtors.  Absent joint administration, parties will be required to file nearly identical papers, and creditors will receive two copies of such papers, inevitably leading to confusion. Joint administration will allow parties in interest to receive notice of all relevant matters, thereby ensuring that parties are informed of matters potentially affecting them, without the burden of unnecessary and expensive duplication.

11.     The Debtors believe that joint administration of the cases, including the use of a single pleadings docket, the combining of notices to creditors of each estate, and the joint handling of purely administrative matters, will aid in expediting the cases and rendering the process less costly, without prejudicing the substantive rights of any creditor.  In addition, joint administration will expedite the administration of the cases for the court and the United States Trustee, as well as for the Debtors.

4

12.    In addition, the Debtors are under common ownership and management insofar as Fuhu, Inc., owns 100% of Fuhu Holdings Inc.  Additionally, Fuhu Holdings, Inc., owns substantially all of the Debtors' intellectual property, including trademarks and copyrights, while Fuhu, Inc., operates the Debtors' business.  Moreover, Tennenbaum Special Situations Fund IX, LLC and Tennenbaum Special Situations IX-O, L.P. are the primary secured creditors of both Debtors, and their loans are cross-collateralized.  They also share many creditors and parties in interest.

13.    As a result, joint administration will prevent duplicative efforts and unnecessary expenses, without any risk of prejudice.  *See, e.g., In re Caché, Inc.,* Case No. 15-10172 (MFW) (Bankr. D. Del. Feb. 5, 2015) (jointly administering the cases of 3 affiliated debtors); *In re Deb Stores Holding LLC,* Case No. 14-12676 (KG) (Bankr. D. Del. Dec. 5, 2014) (jointly administering the cases of 8 affiliated debtors); *In re Ultura (LA) Inc.;* Case No. 14-12383 (KG) (Bankr. D. Del. Oct. 23, 2014) (jointly administering the cases of 2 affiliated debtors); *In re Mineral Park, Inc.,* Case No. 14-11996 (KJC) (Bank. D. Del. Aug. 27, 2014) (jointly administering the cases of 3 affiliated debtors); *In re Event Rentals, Inc.,* Case No. 14-10282 (PJW) (Bankr. D. Del. Feb. 18, 2014) (jointly administering the cases of 12 affiliated debtors); *In re Conexant Sys., Inc.,* Case No. 13-10367 (MFW) (Bankr. D. Del. Mar. 1, 2013) (jointly administering the cases of 5 affiliated debtor entities); *In re LCI Holding Co.,* Case No. 12-13319 (KG) (Bankr. D. Del. Dec. 13, 2012) (jointly administering the cases of 35 affiliated debtor entities; *In re Visteon Corp.,* Case No. 09-11786 (CSS) (Bankr. D. Del. May 29, 2009) (jointly administering the cases of 31 affiliated debtor entities); *In re Source Interlink Cos.,* Case

DOCS_DE:203652.1 68700/001

No. 09-11424 (KG) (Bankr. D. Del. Apr. 29, 2009) (jointly administering the cases of 18

affiliated debtor entities).

14.    The Debtors anticipate that numerous notices, applications, motions, other

pleadings, hearings, and orders in these cases will affect all of the Debtors.  With two (2)

affiliated debtors, each with its own case docket, the failure to administer these cases jointly

would result in numerous duplicative pleadings filed for each issue and served upon separate

service lists.  Such duplication of substantially identical documents would be extremely wasteful

and would unnecessarily overburden the Clerk of this Court (the "Clerk") with the volume of

paper.

15.    Joint administration will permit the Clerk to use a single general docket

for all of the Debtors' cases and to combine notices to creditors and other parties in interest of

the Debtors' respective estates.  Joint administration also will protect parties in interest by

ensuring that such parties in interest in each of the Debtors' respective chapter 11 cases will be

apprised of the various matters before the Court in all of these cases.

16.    The Debtors request that the official caption to be used by all parties in all

pleadings in the jointly administered cases be in the form set forth in paragraph 6 of this Motion.

17.    The Debtors submit that use of the simplified caption, without reference in

the caption to the additional Debtors and their states of incorporation, will eliminate cumbersome

and confusing procedures and ensure a uniformity of pleading identification.

18.    The rights of the respective creditors of each of the Debtors will not be

adversely affected by joint administration of these cases inasmuch as the relief sought is purely

DOCS_DE:203652.1 68700/001

procedural and is in no way intended to affect substantive rights, nor shall such relief be deemed

or construed as directing or otherwise effecting a substantive consolidation of the Debtors. Each

creditor and party in interest will maintain whatever rights it has against the particular estate in

which it allegedly has a claim or right. Indeed, the rights of all creditors will be enhanced by the

reduction in costs resulting from joint administration. The Court also will be relieved of the

burden of entering duplicative orders and keeping duplicative files. Supervision of the

administrative aspects of these chapter 11 cases by the Office of the United States Trustee also

will be simplified.

**No Previous Request**

19.    No previous motion or application for the relief sought herein has been

made to this or any other court.

**Notice**

20.    The Debtors will provide notice of this Motion to the following parties, or

their counsel, if known: (a) the Office of the United States Trustee; (b) the Debtors' twenty (20)

largest unsecured creditors on a non-consolidated basis; (c) the Debtors' prepetition and post-

petition lenders; and (d) any party that has requested notice pursuant to Bankruptcy Rule

2002. As the Motion is seeking "first day" relief, within two business days of the hearing on the

Motion, the Debtors will serve copies of the Motion and any order entered respecting the Motion

as required by Local Rule 9013-1(m). The Debtors submit that, in light of the nature of the relief

requested, no other or further notice need be given.

7

WHEREFORE, the Debtors respectfully request that the Court enter an order:

(a) authorizing the joint administration of the Debtors' cases for procedural purposes only,

(b) directing the Clerk to make the docket entries set forth herein, and (c) granting such other and

further relief as is proper.

Dated: December 7, 2015          PACHULSKI STANG ZIEHL & JONES LLP

Jeffrey N. Pomerantz (CA Bar No.143717)
Ira Kharasch (CA Bar No. 109084)
Michael R. Seidl (DE Bar No. 3889)
Colin R. Robinson (DE Bar No. 5524)
919 North Market Street, 17th Floor
P.O. Box 8705
Wilmington, DE  19899-8705
Telephone: 302-652-4100
Facsimile:  302-652-4400
E-mail:jpomerantz@pszjlaw.com
        ikharasch@pszjlaw.com
        mseidl@pszjlaw.com
        crobinson@pszjlaw.com

-and-

**BRYAN CAVE LLP**
Robert J. Miller (AZ#013334) *(pro hac vice pending)*
Two N. Central Ave., Suite 2200
Phoenix, Arizona  85004
T: 602-364-7000
F: 602-364-7070
Email: rjmiller@bryancave.com

-and-

Kerry A. Moynihan (SBN 25057) *(pro hac vice pending)*
3161 Michelson Drive, Suite 1500
Irvine, California  92612
T: 949-223-7000
F: 949-223-7100
Email: kerry.moynihan@bryancave.com

8

-and-

Brian C. Walsh (MO#58091) *(pro hac vice pending)*
Laura Uberti Hughes (MO#60732) *(pro hac vice pending)*
One Metropolitan Square
211 N. Broadway, Suite 3600
St. Louis, Missouri  63102
T: 314-259-2000
F: 314-259-2020
Email:        brian.walsh@bryancave.com
              laura.hughes@bryancave.com


*Proposed Counsel for the Debtors and Debtors in Possession*

DOCS_DE:203652.1 68700/001