IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE

----------------------------------- X
In re:                              :
                                    :  Chapter 11
ARCTIC SENTINEL, INC. [f/k/a Fuhu, Inc.], :
*et al.*,[1]                        :  Case No. 15-12465 (CSS)
                                    :  (Jointly Administered)
       Debtors.                     :
                                    :  **Hearing Date: 05/05/20 at 11:00 a.m. ET**
                                    :  **Response Deadline: 04/27/20 at 4:00 p.m. ET**
----------------------------------- X

## OBJECTION OF THE LIQUIDATING TRUSTEE TO CLAIM NO. 131 FILED BY DREAMWORKS ANIMATION, LLC

Anthony M. Saccullo, in his capacity as trustee (the "Liquidating Trustee") of the Liquidating Trust (as defined below), by and through his undersigned counsel, hereby files this objection (the "Objection"), pursuant to section 502 of Title 11 of the United States Code (the "Bankruptcy Code") and Rules 3001 and 3007 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), to proof of claim number 131 (the "Claim"), filed by DreamWorks Animation, Inc. ( the "Claimant") against Arctic Sentinel, Inc. (f/k/a Fuhu, Inc.) (the "Debtor" and together with its affiliated debtors, collectively, the "Debtors"). Through this Objection, the Liquidating Trustee requests entry of the proposed order (the "Order") in substantially the form attached hereto as **Exhibit C**, disallowing a portion of the Claim as lacking sufficient documentation. In support of this Objection, the Liquidating Trustee respectfully represents as follows:

---

[1] The Debtors, together with the last four digits of each Debtor's tax identification number, are: Arctic Sentinel, Inc. [f/k/a Fuhu, Inc.] (7896); Arctic Sentinel Holdings, Inc. [f/k/a Fuhu Holdings, Inc.] (9761); Arctic Sentinel Direct, Inc. [f/k/a Fuhu Direct, Inc.] (2180); and Sentinel Arctic, Inc. [f/k/a Nabi, Inc.] (4119).

## JURISDICTION AND VENUE

1.    This Court has jurisdiction to consider this matter pursuant to 28 U.S.C. §§ 157 and 1334. This is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.    The statutory and legal predicates for the relief sought herein are Bankruptcy Code section 502(b), Bankruptcy Rules 3003 and 3007, and the Confirmation Order (as defined herein).

## BACKGROUND

### A.    General Background

3.    On December 7, 2015, with respect to Debtors, Arctic Sentinel, Inc. [f/k/a Fuhu, Inc.] and Arctic Sentinel Holdings, Inc. [f/k/a Fuhu Holdings, Inc.], and on December 11, 2015, with respect to Debtors Arctic Sentinel Direct, Inc. [f/k/a Fuhu Direct, Inc.] and Sentinel Arctic, Inc. [f/k/a Nabi, Inc.] (collectively, the "Petition Date"), each debtor filed a voluntary petition with this Court for relief under chapter 11 of the Bankruptcy Code.

4.    On January 9, 2016, the Debtors filed their schedules of assets and liabilities (as they may be amended, the "Schedules") [D.I. 238, 240, 242, 244].

### B.    The Bar Date

5.    On April 25, 2016, the Court entered and order (the "Bar Date Order") [D.I.531] establishing, among other things, June 28, 2016 at 4:00 p.m. (Pacific Time) (the "Bar Date") as the deadline to file proofs of claim against the Debtors (the "Proof of Claim"). The Bar Date applied to claims arising prior to the Petition Date, including claims arising under section 503(b)(9) of the Bankruptcy Code, as well as all claims filed by governmental units (including all entities defined as such in section 101(27) of the Bankruptcy Code).

6. Pursuant to the Bar Date Order, Kurtzman Carson Consultants, LLC ("KCC"), the court-appointed claims and noticing agent for the Debtors, mailed notice of the Bar Date (the "Bar Date Notice") to parties in interest. The Debtors also provided notice of the Bar Date to potential creditors by publishing the Bar Date Notice in *USA Today*. The Debtors' mailing and publishing of the Bar Date Notice in a newspaper of national circulation provided potential creditors with adequate and sufficient notice of the Bar Date.

7. In addition, bar dates for administrative claims and for claims arising from the rejection of executory contracts or unexpired leases pursuant to the Plan (defined below) were approved in the Confirmation Order (defined below). Creditors were advised of such dates in the *Notice of (I) Entry of Order Confirming the First Amended Plan of Liquidation of the Debtors Pursuant to Chapter 11 of the Bankruptcy Code, (II) Effective Date of the Plan, and (III) Bar Dates for Certain Administrative Claims, Professional Fee Claims and Rejection Damage Claims* [D.I. 958].

8. As of the date hereof, over 240 Proofs of Claim have been filed in these Chapter 11 cases.

**C.   The Plan and Establishment of the Liquidating Trust**

9. On November 30, 2016, the Court entered an order (the "Confirmation Order") [D.I. 892] confirming the *First Amended Plan of Liquidation of the Debtors Pursuant to Chapter 11 of the Bankruptcy Code*, dated October 3, 2016 (the "Plan") [D.I. 859]. The Plan became effective on January 25, 2017 (the "Effective Date").

10. Article V.B of the Plan provides for the creation of a trust (the "Liquidating Trust") established for the benefit of the Beneficiaries.[2] The Plan also provides for the

---

[2] Capitalized terms used and not otherwise defined herein shall have the meanings ascribed to them in the Plan.

appointment of the Liquidating Trustee to administer the Liquidating Trust, liquidate the Liquidating Trust Assets and investigate, prosecute, settle, abandon or compromise any Causes of Action. *See* Plan, Article VI.C. The Liquidating Trust Agreement provides that the Liquidating Trust is established for, among other purposes, objecting to Claims. *See* Liquidating Trust Agreement, § 2.1(e) [D.I. 868]. Article VI.C of the Plan provides that the Liquidating Trustee has the right to object to Disputed Claims and prosecute, settle, compromise, withdraw or resolve in any manner approved by the Bankruptcy Court such objections.

11. Pursuant to the Plan, the Liquidating Trustee has (i) 365 days after the Effective Date or (ii) such other period for objecting to Claims as may be fixed by an order of the Bankruptcy Court. Currently, the deadline to object to Claims is March 23, 2020. [D.I. 1340]. However, a Motion to extend the Claim objection period to September 21, 2010 was filed March 20, 2020. [D.I. 1413].

**D.     The Claims Resolution Process**

12. In the ordinary course of business, the Debtors maintained books and records that reflected, among other things, the Debtors' liabilities and the amounts thereof owed to their creditors. The Liquidating Trustee and his professionals are reviewing and reconciling the Proofs of Claim with the Debtors' books and records, as well as the Debtors' Schedules and other documents filed in the bankruptcy cases. In connection therewith, the Liquidating Trustee has reviewed the Claim and concluded that an objection was necessary because the Debtors do not owe Claimant the amount asserted under the Claim.

**E.     The Claim**

13. On June 21, 2016, Claimant filed the Claim, which asserted a claim in the amount of Two Million Four Hundred Thirty-Two Thousand Five Hundred and Twenty-Six Dollars

($2,432,526.00). Claim 131 asserts that these monies are due as a result of payments which are due under the "Master License Agreement." The Claim is not a secured claim, nor a priority claim. A true and correct copy of the Claim is attached hereto as **Exhibit A**.

14. More specifically, the Claim is based upon an audit which was conducted in September of 2015. *See* D.I. 295. As described by Claimant, "…the Audit Report findings are not yet final and are still subject to review…" *Id*.

15. The Liquidating Trustee has conducted a good faith inquiry to determine the existence, amount or validity of the Claim, and upon information and belief, has determined that the Debtors are liable to the Claimant in the amount asserted by the Debtor (cumulatively, per the Debtors' schedules, $29,507.35), but has been unable to verify that the Debtors owe any additional amount to the Claimant under the Claim.

## RELIEF REQUESTED

16. For the reasons set forth herein, the Liquidating Trustee requests that the Claim be reduced based upon Debtors stated liability for the Claim.

## BASIS FOR RELIEF

17. When asserting a proof of claim against a bankruptcy estate, a claimant must allege facts that, if true, would support a finding that the debtor is legally liable to the claimant. *In re Allegheny Int'l, Inc.,* 954 F.2d 167, 173 (3d Cir. 1992); *Matter of Int'l Match Corp.*, 69 F.2d 73, 76 (2d Cir. 1934) (finding that a proof of claim should at least allege facts from which legal liability can be seen to exist). Where a claimant alleges sufficient facts to support its claim, its claim is afforded *prima facie* validity. *Allegheny Int'l*, 954 F.2d at 173. A party wishing to dispute such a claim must produce evidence in sufficient force to negate the claims' *prime facie* validity. *Id*. In practice, the objecting party must produce evidence that would refute

at least one of the allegations essential to the claims legal sufficiency. *Id*. Once the objecting party produces such evidence, the burden shifts back to the claimant to prove the validity of his or her claim by a preponderance of the evidence. *Id*. The burden of persuasion is always on the claimant. *Id*.

18. The claim asserts a liability in an amount for which the Debtors are not entirely liable. The Liquidating Trustee has determined that the liability, in the amount asserted in the Claim, does not appear on the Debtors' books and records. Because it is not a valid obligation of the Debtors in its entirety, the Liquidating Trustee requests that the Claim be reduced to an amount deemed appropriate to the Court following a hearing on this matter.

## DECLARATION

19. In support of the foregoing, the Liquidating Trustee relies on the *Declaration of Anthony M. Saccullo pursuant to 28 U.S.C. § 1746 and Local Rule 3007-1 in support of this Objection* (the "Saccullo Declaration"), dated as of the date hereof and attached hereto as **Exhibit B**.

## NOTICE

20. A copy of this Objection and all related exhibits will be served on (i) the Office of the United States Trustee for the District of Delaware, (ii) Claimant, (iii) those parties who are required to receive notice pursuant to the Plan, and (iv) those parties who have filed a request for service of notice under Fed. R. Bankr. P. 2002(i) (collectively, the "Notice Parties"). The Liquidating Trustee respectfully submits that no further notice of this Objection is required.

21. The Liquidating Trustee has provided the Claimant with at least thirty (30) days' notice of the hearing to consider this Objection.

**NO PRIOR REQUEST**

22. No previous request for the relief sought herein has been made to this or any other court.

**RESERVATION OF RIGHTS**

23. The Liquidating Trustee reserves the right to raise other and further objections in the future to the Claim on any other grounds, and to amend, modify, and/or supplement this Objection, including, without limitation, to object to an amended or newly-filed Proof of Claim. Separate notice and hearing may be scheduled for any such objection.

**WHEREFORE**, the Liquidating Trustee respectfully requests entry of an order substantially in the form of the Proposed Order attached hereto as **Exhibit C** granting the relief requested herein, and for such other and further relief as the Court may deem just and appropriate.

Dated: March 25, 2020　　　　　　　　　　Respectfully submitted,
Wilmington, Delaware

　　　　　　　　　　　　　　　　　　　　CONNOLLY GALLAGHER LLP

　　　　　　　　　　　　　　　　　　　　/s/ *N. Christopher Griffiths*
　　　　　　　　　　　　　　　　　　　　N. Christopher Griffith (No. 5081)
　　　　　　　　　　　　　　　　　　　　Lisa R. Hatfield (No. 4967)
　　　　　　　　　　　　　　　　　　　　1201 N. Market Street, 20th Floor
　　　　　　　　　　　　　　　　　　　　Wilmington, Delaware 19801
　　　　　　　　　　　　　　　　　　　　Telephone: (302) 888-6313
　　　　　　　　　　　　　　　　　　　　Facsimile: (302) 757-7299
　　　　　　　　　　　　　　　　　　　　E-mail: cgriffiths@connollygallagher.com
　　　　　　　　　　　　　　　　　　　　　　　　　lhatfield@connollygallagher.com

　　　　　　　　　　　　　　　　　　　　*Counsel For The Liquidating Trustee*e